UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DINA HOLLENQUEST-WOODS,    Case No.  16-10750

     Plaintiff,                            Honorable Avern Cohn

                        Magistrate Judge Elizabeth A. Stafford

v.

AUTOZONE,

     Defendant.

---

## **DEFENDANT'S STATEMENT OF FACTS FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Defendant, AUTOZONE, by and through its attorneys, PLUNKETT COONEY, and pursuant to Judge Cohn's Practice Guidelines, submits the following Statement of Undisputed Material Facts[1] in support of its Motion for Summary Judgment:

1.     Plaintiff is a resident of Farmington Hills, Oakland County, Michigan. (Pl.'s Compl., filed with this Court, ¶ 1).

2.     Defendant AutoZone Stores, LLC, is a limited liability company incorporated under the laws of the State of Nevada with its principal place of

---

[1] For purposes of the Motion for Summary Judgment, ONLY, Defendant does not dispute the following facts. Based upon these undisputed facts, Defendant is entitled to summary judgment as a matter of law.

business in Memphis, TN and its single member, AutoZone Southeast LP, is also a foreign company with its principal place of business in Memphis, TN.  (Notice of Removal, filed with this Court, ¶ 3).

3.      The alleged incident on which Plaintiff's Complaint is based allegedly occurred at AutoZone's store located in the City of Farmington Hills.  (Pl.'s Compl., ¶ 2).

4.      This action involves a controversy which is wholly between citizens of different states, the amount of which is alleged to be in excess of $75,000.  (Pl.'s Compl., ¶ 7; Notice of Removal, ¶ 7).

5.      On or about January 12, 2015, in the morning around 8:15 a.m., Plaintiff and her husband went to AutoZone to purchase a battery because her car wouldn't start.  (Exhibit 1, Pl.'s Dep., p. 34, 88, 95).

6.      It had snowed prior to Plaintiff leaving her house and it continued snowing as they drove to AutoZone, to the point where, when they arrived at AutoZone, Plaintiff opened the car door, looked at the snow and said, "Oh, my goodness, it's been snowing."  (Ex. 1, p. 93, 100-101).

7.      Plaintiff has lived in Michigan since she was a child and is familiar with Michigan winters.  (Ex. 1, p. 150).

8.    Plaintiff had begun walking to one of the several entrances to the store when her husband called to her to follow him to a different entrance.  (Ex. 1, p. 142, 150).

9.    Plaintiff walked toward the entrance her husband was using, looking straight ahead at the store, when she allegedly tripped over a snow-covered parking bumper and fell.  (Ex. 1, p. 110-111, 142; Exhibit 2, Photographs).

10.    Plaintiff did not remember looking down from the time her husband called her to the time when she tripped; the first time she looked toward the parking bumper was when she stood up after she fell.  (Ex. 1, p. 129-130, 143).

11.    There were no defects or irregularities in the parking bumper.  (Ex. 1, p. 115).

12.    The snow covering the parking bumper was freshly fallen; it snowed significantly overnight prior to 8:00 a.m. and was still snowing at the time Plaintiff went to AutoZone.  (Ex. 1, p. 93; Exhibit 3, Climatological Data).

13.    At the time of the event, AutoZone had called for plowing service and had cleared the snow from its walkways.  (Ex. 2).

Respectfully submitted,

PLUNKETT COONEY

/s/Ridley S. Nimmo, II
RIDLEY S. NIMMO, II (P54783)
RHONDA R. STOWERS (P64083)
Attorneys for Defendant

November 29, 2016 111 East Court Street, Suite 1B
Flint, MI 48502
(810) 342-7010
rnimmo@plunkettcooney.com

## CERTIFICATE OF ELECTRONIC FILING

Ridley S. Nimmo, II certifies that a copy of **DEFENDANT'S STATEMENT OF FACTS FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** and this Certificate of Electronic Filing was electronically filed with the United States District Court, Eastern District of Michigan, in the above cause on November 29, 2016 and that due to the mandatory court requirement that all attorneys use the electronic filing system, a copy will be provided to Plaintiff's counsel by the court's notification.   I declare under the penalty of perjury that the above statement is true to the best of my knowledge, information and belief.

/s/Ridley S. Nimmo, II_____
RIDLEY S. NIMMO, II (P54783)

Open.21405.60508.17707897-1

4