UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DINA HOLLENQUEST-WOODS,

    Plaintiff,

vs.                                                                         Case No. 16-10750

AUTOZONE,                                           HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**DENYING DEFENDANTS MOTION FOR SUMMARY JUDGMENT (Doc. 8)**[1]

I. Introduction

This is a tort case. Plaintiff Dina Hollenquest-Woods is suing defendant AutoZone for negligence when she tripped and fell over a snow-covered parking bumper.

Before the Court is AutoZone's motion for summary judgment. For the reasons that follow, the motion will be denied.

II. Background

The material facts as gleaned from the parties' papers follow.

On the morning of January 12, 2015, plaintiff testified that was ready to go to work but her car would not start. She informed her husband who drove her to an AutoZone to purchase a new battery. This was the first time plaintiff had ever been to the AutoZone. Plaintiff's husband parked at the front of the store.

Several inches of snow had fallen overnight and it was still lightly snowing during

---

[1] Although originally scheduled fo hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

the trip to AutoZone.

Plaintiff testified that she exited the vehicle from the passenger side door and began walking toward an entrance. Her husband called to her to come to a different entrance. While walking towards her husband, plaintiff says she tripped and fell when her right foot encountered something hard. The object was a parking bumper located at the front of the parking space. See Exhibit A attached. The parking bumper was snow-covered. After her fall, plaintiff testified that she experienced pain in right foot and was unable to walk.

Plaintiff's husband testified that he did not see his wife fall but he was told by a female employee that his wife had just tripped. Plaintiff's husband also testified that he did not see any parking bumpers because they were covered by snow. See Exhibit B attached.

AutoZone's manager, Matthew Roark, testified that on January 12, 2015, the store opened 7:30 am. He also testified that he had arrived at the store at 6:00 am and he does not remember any snow coming down at the time of his arrival. Roark further testified that when he arrived at the store the parking lot was covered with snow but could not recall if the parking bumpers were covered by snow. Roark also testified that when plaintiff fell, the parking lot was covered with snow and had not yet been cleared. However, the sidewalks around the entrance to store had been cleared.

Wendy Thomas, another employee of AutoZone, testified that she spoke to plaintiff's husband who was very angry as he described that his wife fell because the parking bumper was covered with snow and not visible.

Plaintiff's sustained a a closed right trimalleolar fracture dislocation of the right

ankle. Plaintiff required open reduction internal fixation surgery which involved a hospital stay and then rehabilitation at a nursing home and then home care therapy. Plaintiff was unable to work from the January 12, 2015 until November 17, 2015. Plaintiff says she has permanent diminished functional capacity of her ankle.

### III. Analysis

#### A. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). In so doing, the Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).

#### B. Tort Liability[2]

##### 1.

To establish a prima facie case of negligence, a plaintiff must prove four elements:

---

[2] Because the basis for the Court's jurisdiction is diversity, the Court must apply the substantive law of Michigan as interpreted by the Michigan Supreme Court. Reid v. Volkswagen of America, Inc., 575 F.2d 1175, 1176 (6th Cir. 1978).

3

(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. Case v. Consumers Power Co, 463 Mich. 1, 6 (2000). "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status." Hampton v. Waste Mgmt of Michigan, Inc., 236 Mich. App 598, 603 (1999).

Here, plaintiff was an invitee because she was on AutoZonel's premises which was held open for a commercial purpose. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." Lugo v. Ameritech Corp, 464 Mich. 512, 516; 629 NW2d 384 (2001). An unreasonable risk of harm is one "caused by a dangerous condition of the land' that the landowner knows or should know the invitees will not discover, realize or protect themselves against." Bertrand v. Alan Ford, Inc., 449 Mich. 606, 609 (1995) (citing Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 499 (1988)). This duty does not, however, extend to dangerous conditions that are open and obvious. Lugo, 464 Mich. at 516. An open and obvious condition is one that an average person of ordinary intelligence would be able to discover upon casual inspection. Kennedy v. Great Atlantic & Pacific Tea Co., 274 Mich. App. 710, 713 (2007). Thus, it is an objective test unrelated to the actual perceptions of a particular plaintiff. Id.

2.

With regard to snow conditions and the open and obvious doctrine, Michigan courts have said that "[g]enerally, the hazard presented by snow and ice is open and obvious, and the landowner has no duty to warn of or remove the hazard." Royce v. Chatwell Club Apartments, 276 Mich. App. 389, 392 (2007). However, if a "condition

creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger." Bertrand, 449 Mich. at 611. A plaintiff may not recover if the condition is " 'so common that the possibility of [its] presence is anticipated by prudent persons.' " Id. at 615 (citation omitted).

More specifically, in Slaughter v. Blarney Castle Oil Co., 281 Mich. App. 474, 479 (2008), the Michigan court of appeals explained: "When applying the open and obvious danger doctrine to conditions involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months."

The degree of care required of a premises possessor is to "take reasonable measures within a reasonable period of time after the accumulation of snow and ice to diminish the hazard of injury to [the plaintiff, but] only if there is some special aspect that makes such accumulation unreasonably dangerous." Mann v. Shusteric Enterprises, Inc., 470 Mich. 320, 332 (2004) (quotation marks omitted). See also Benton, 270 Mich. App. at 443 n. 2 ("Mann established that there is no general duty of inviters to take reasonable measures to remove snow and ice for the benefit of invitees unless the accumulation meets the [Mann] majority's high standard of creating an unreasonable risk of danger.").

IV. Discussion

AutoZone says that the covered parking bumper did not present a dangerous condition for which it should be liable. The Court disagrees. The test is whether an average person with ordinary intelligence would have discovered the danger upon casual

5

inspection. Lugo v Ameritech Corp, 464 Mich 512 ( 2001). AutoZone's manager, Matthew Roark testified that he arrived at the store at 6:00 am and the store opened at 7:30 am. and that when plaintiff fell, the entire parking lot was covered with snow and had not yet been cleared. This is confirmed by the photographs in evidence. There is a question of fact as to whether the snow-covered parking bumper presents an unreasonable risk of harm.

AutoZone also says that the snow-covered parking bumper was open and obvious. The Court again disagrees. The test is whether the parking bumper was visible on casual inspection or whether there were other indicia of a potentially hazardous condition that would impute knowledge on the part of plaintiff. There is evidence that it was not. There were no signs, cones, tape, or other barricades for the parking bumper covered by snow. Nor is there any evidence that AutoZone attempted to uncover the hidden parking bumpers before opening for business this day. Indeed, the parking lot had not yet been plowed. Plaintiff did not see, nor could she see, the parking bumper under the snow. Reasonable minds could disagree on whether the snow covered bumper was a special aspect such that made the accumulation of snow unreasonably dangerous. Thus, it cannot be said as a matter of law that the parking bumper was open and obvious.

AutoZone cites several cases involving falls on ice. AutoZone relies on Corey v Davenport College of Business, 251 Mich. App. 1 (2001). Corey is distinguishable. The plaintiff in Corey fell due to ice on steps and the court of appeals held that an ice-covered surface presents an open and obvious danger because of the high probability that it may be slippery. Here, plaintiff tripped over a snow covered parking bumper which was not readily observable upon casual inspection.

Slaughter v Blarney Castle Oil Co., 281 Mich. App. 474 (2008) actually supports plaintiff.  The plaintiff in Slaughter slipped on black ice - which by definition is not visible.  The court of appeals therefore "decline[d] to extend the open and obvious doctrine to black ice without evidence that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition."  281 Mich. App. at 478.  The court of appeals therefore affirmed the trial court's denial of defendant's motion for summary judgment.

Finally, AutoZone cites Hernandez v. Walters-Dimmick, 1999 WL 3343831 (Mich. App. July 30, 1999) (unpublished) arguing that plaintiff cannot recover because the snow, not the parking bumper itself, was the hazzard.  The plaintiff in Hernandez fell on a snow covered gas tank.  The case went to trial; plaintiff did not prevail.  On appeal, an issue was whether the trial court had given appropriate jury instructions regarding defendant's duty of care in light of the snow.  The court of appeals held the instructions given - standard instructions - were proper.  The instruction, Mich. SJI 19.05, read in part:

> It was the duty of the defendants . . . to take reasonable measures within a reasonable period of time after an accumulation of snow and ice to diminish the hazard of injury to the plaintiff.

The court of appeals went on to explain:

> . . . generally, an invitor has a duty to warn invitees of hidden defects or dangers. Riddle v McLouth Steel products Corp, 440 Mich. 85, 91; 485 NW2d 676 (1992). However, with respect to ice and snow, the law requires that an invitor take reasonable measures within a reasonable period of time after the accumulation of ice and snow to diminish the hazard of injury to an invitee. Quinlivan v The Great Atlantic & Pacific Tea Co, Inc, 395 Mich. 244, 261; 235 NW2d 732 (1975); Anderson v. Wiegand, 223 Mich.App 549, 553-554; 567 NW2d 452 (1997). Thus, while the hazards of ice and snow are not always obvious, Quinlivan, supra at 261, the law does not impose a duty on an invitor to warn invitees of the dangers of snow and ice. **Rather, while the law imposes a duty on invitors to use "reasonable measures" to diminish the hazard of snow and ice, the specific actions that a defendant should take to do so (i.e. whether a defendant**

> **should salt, shovel, or warn) is a question for the jury**. Clink v. Steiner, 162 Mich.App 551, 556-557; 413 NW2d 45 (1987); Lundy v. Groty, 141 Mich.App 757, 760-761; 367 NW2d 448 (1985). In fact, the Notes on Use following SJI2d 19.05 provide that SJI2d 19.05 "should be used where applicable instead of the more general SJI2d 19.03 Duty of Possessor of Land, Premises or Place of Business to Invitee."

1999 WL at *2 (emphasis added).  Thus, Hernandez does not support AutoZone's position that summary judgment is appropriate.  Indeed, as the court in Hernandez recognized, whether AutoZone took reasonable measures to diminish the hazard posed by the snow-covered parking bumper is for a jury.

### V.  Conclusion

Plaintiff has established questions of fact as to whether there existed a hazardous condition which was not open and obvious.[3]  Accordingly, AutoZone's motion for summary judgment is DENIED.

SO ORDERED.

                                                    S/Avern Cohn
                                                     AVERN COHN
                                                     UNITED STATES DISTRICT JUDGE

Dated: January 25, 2017
      Detroit, Michigan

---

[3] What is open and obvious to the Court is that the parties would be well served to consider resolving this case short of trial.